UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> R&S DAIRY QUEENS, INC., D/B/A <br> DAIRY QUEEN, <br><br><br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 5:21-cv-763 |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (hereinafter "the Secretary"), brings this action to enjoin R&S Dairy Queens, Inc., d/b/a Dairy Queen (the "Defendant") from violating the provisions of Sections 6 and 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "Act"), and to restrain Defendant from withholding payment of minimum wage and overtime compensation found by the Court to be due employees under the Act who are named in the attached Exhibit A.

I.

This Court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1. Defendant R&S Dairy Queens, Inc. is a Dairy Queen restaurant franchisee operating more than 19 Dairy Queen restaurants in and around the San Antonio area. Defendant R&S Dairy Queens, Inc. is now, and at all times hereinafter mentioned, a Texas corporation within

1

the jurisdiction of this Court, doing business as Dairy Queen, with its principle office located at 1555 E. Common Street, New Braunfels, TX 78130.

III.

At all times hereinafter mentioned, Defendant R&S Dairy Queens, Inc. has been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendant has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

IV.

At all times hereinafter mentioned, Defendant R&S Dairy Queens, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

1. During the period since August 8, 2018 to December 31, 2020, Defendant violated the provisions of Sections 6 and 7 of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

2. Specifically, Defendant failed to properly pay the minimum salary requirement to apply the professional exemption to the employees, resulting in Defendant not paying employees

correctly for overtime hours worked.

3.  Further, Defendant failed to pay the last paycheck to some employees, resulting in minimum wage violations.

VI.

As a result of the violations of the Act, minimum wages and overtime compensation have been unlawfully withheld by Defendant from its employees. The employees at issue, who are listed on the attached Exhibit A, are employees within the meaning of Section 3(e)(1) of the Act, 29 U.S.C. § 203(e)(1).

VII.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

1.  For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant, from violating Sections 6 and 7 of the Act;

2.  For an Order pursuant to 16(c) of the Act finding Defendant liable for unpaid minimum wage and overtime compensation due to Defendant's employees listed in the attached Exhibit A;

3.  For an Order pursuant to Section 17 enjoining and restraining Defendant from withholding payment of unpaid minimum wage and overtime compensation found due to Defendant's employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4.  For an Order awarding Plaintiff the costs of this action; and

5.  For an Order granting such other and further relief as may be necessary and

appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  |  |
|  | SEEMA NANDA |
|  | Solicitor of Labor |
|  |  |
|  | JOHN RAINWATER |
|  | Regional Solicitor |
|  |  |
| U.S. Department of Labor | MARGARET TERRY CRANFORD |
| Office of the Solicitor | Counsel for Wage and Hour |
| 525 Griffin Street, Suite 501 |  |
| Dallas, Texas 75202 | By: |
| Telephone: (972) 850-3127 | */s/ Chris Lopez* |
| Facsimile: (972) 850-3101 | CHRISTOPHER D. LOPEZ-LOFTIS |
| Email: lopez.christopher.d@dol.gov | Trial Attorney |
|      docket.dallas@dol.gov | TX Bar No. 24086924 |
|  |  |
| RSOL Case No. 0640-210-0083 | Attorneys for Plaintiff |

**EXHIBIT A**

Jimmy Abernathy
Jose Alaniz
Shaun Bowen
Eugene Briseno
Mark Cain
Juan Castillo
Louis Chapa
Edith De La Garza
Cynthia Diaz
Connie Dodson
Edria Dreschel
Heather Flaharty
Leonardo Gonzalez
Linda Lang
Terril Gonzales
Johnna Holcomb
Bradley Jones
Sandra Mejia
Scott Middleton
Ismael Olivo
Derek Preston
Ernesto Ponce
Andres Ramos
Robert Resendez
Estevan Reyes
Cynthia Sancho
Penny Smith
Christina Sotelo
Stephen Stewart
Dawn Thornton
Jose Trevino
Reneisha Turner
Lisa Wright